IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY THOMAS,<br><br>            Plaintiff,<br><br>   v.<br><br>AMERICREDIT FINANCIAL<br>CORPORATION,<br><br>            Defendant.<br>_____/ | No. C 07-02324 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, GRANTING PLAINTIFF LEAVE TO AMEND** |

On June 29, 2007 the Court heard arguments on defendant Americredit Financial Corporation's motion to dismiss plaintiff's complaint for failure to state a claim. Having considered the arguments and briefs of both parties, the Court DISMISSES plaintiff's complaint, with leave to amend.

**BACKGROUND**

On or around May 11, 2005, plaintiff Gregory Thomas purchased a vehicle from the Manly Oldsmobile automobile dealership in Santa Rosa, California.[1] Complaint ¶ 5. Defendant Americredit Financial Corporation financed plaintiff's purchase. *Id.*

Plaintiff alleges that during the course of his performance of the auto loan, defendant engaged in debt collection practices that violated the federal Fair Debt Collection Practices Act (FDCPA). *Id.* ¶ 6. Plaintiff alleges that upon initially contacting him, defendant did not inform him that the purpose of defendant's communication was debt collection. *Id.* ¶ 14. Additionally, plaintiff alleges defendant

---

[1]The Court takes the following factual background entirely from the complaint, the allegations of which must be taken as true at this stage. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

did not report the subsequent payment dispute to a credit reporting agency, and continued to contact plaintiff, as well as a third parties, after plaintiff exercised his right to demand that defendant cease communication. *Id. ¶¶* 19, 22. Plaintiff alleges that defendant inappropriately disclosed information to the third parties that defendant contacted. *Id. ¶* 30. Finally, plaintiff alleges defendant made false or deceptive representations and harassed and abused plaintiff and his minor child. *Id. ¶¶* 25, 28, 33. As a result, plaintiff, acting pro se, filed this action. *Id. ¶* 1. Defendant now moves to dismiss the complaint.

## LEGAL STANDARD

According to Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." FRCP 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556. 561 (9th.Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Additionally, pro se pleadings may be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2

**DISCUSSION**

Defendant argues that as an original creditor attempting to collect its own debts, it is not subject to the FDCPA. Accordingly, defendant urges the Court to dismiss plaintiff's FDCPA claims, without which this Court lacks jurisdiction. For the following reasons, the Court GRANTS defendant's motion.

**I.     Liability under the California Fair Debt Collection Practices Act**

In response to defendant's motion, plaintiff first argues that his claims survive under the California FDCPA ("CFDCPA"), which adopted standards and remedies from the FDCPA. Unlike the FDCPA, which creates a private right of action only against debt collectors, and not original creditors (with limited exceptions discussed below), the CFDCPA creates a private right of action against both debt collectors and original creditors such as defendant. Plaintiff argues that the adoption of FDCPA standards and remedies by the CFDCPA gives him the right to bring suit in federal court. As defendant correctly points out, however, a state statute cannot create a federal cause of action. *See Alkan v. Citimortgage, Inc*. 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004) ("California simply incorporated by reference the text of certain federal provisions into the CFDCPA rather than copying them verbatim in to the California code. Any resulting liability, however, remains a state claim.").

Thus, plaintiff cannot remain in this Court if he only has CFDCPA claims. If he only has CFDCPA claims, state court is the appropriate forum for his case. Plaintiff can, however, bring CFDCPA claims in this Court if he also has claims under the FDCPA or some other federal law, or if he can establish diversity jurisdiction. As discussed in the next section, plaintiff may have a claim under the FDCPA. Plaintiff also may be able to establish diversity jurisdiction. The Court will therefore grant plaintiff leave to amend his complaint so that he may, should he desire, amend his complaint to attempt to state an FDCPA claim or establish diversity jurisdiction. Alternatively, he may simply wish to refile this case in state court.

**II.    Liability under the FDCPA**

Though the CFDCPA alone cannot keep plaintiff's case in federal court, plaintiff's complaint comes close to stating a claim for violation of the FDCPA. The FDCPA allows individuals who have

3

1 been harmed by unfair debt collection practices to bring suit against their debt collectors. *See* 15 U.S.C.
2 § 1692a. The statute's definition of "debt collectors" does not include original creditors collecting their
3 own debts, effectively exempting them from liability under the FDCPA.[2] *See* § 1692a(6). Defendant
4 asserts that, as an original creditor collecting its own debt, it is not liable under the FDCPA.

There is, however, an exception to the original creditor liability exemption. *Id.* Under section 1692a(6) the term "debt collectors" also includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.* "A creditor uses a name other than its own when it uses a name that implies that a third party is involved in collecting its debts, pretends to be someone else or uses a pseudonym or alias." *See Maguire v. Citicorp Retail Serv., Inc.*, 147 F.3d 232, 235 (2d. Cir. 1998) (internal quotations omitted) (quoting case). Thus, courts look to the actions of a defendant to determine whether it may be liable under the FDCPA.[3] *See, e.g., Romine v. Diversified Collection Serv. Inc.*, 155 F.3d 1142 (9th Cir. 1998) (holding that though Western Union is not a traditional debt collector, it was a "debt collector" subject to the FDCPA by virtue of its Automated Voice Telegram service, which obtained unlisted or otherwise unavailable telephone numbers of debtors which it then turned over to creditors and debt collection agencies for use in collecting debts). Accordingly, here it is the activities of Americredit, and not its status as plaintiff's lender, that determines whether it can be held liable under the FDCPA.

Plaintiff alleges in his complaint that at one point defendant (or one of the Doe defendants), contacted third parties and "identified themselves to the hearer of the telephone call as a 'debt collector *for* Americredit financial services' . . . . Defendants further explained to the third party that the purpose of the call was regarding a delinquent account with Americredit Financial Services . . . ." *See* Compl. ¶ 31 (emphasis added). This allegation could be interpreted to subject Americredit to the FDCPA, as a "creditor who, in the process of collecting his own debts, uses any name . . . which would indicate that

---

[2] It also excludes and exempts "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A).

[3] Moreover, "[i]n evaluating potential violations of the FDCPA, the court must use an objective standard based on whether the 'least sophisticated consumer' would be deceived by the collection practice." *Maguire v. Citicorp Retail Serv., Inc.*, 147 F.3d 232, 236.

4

a third person is collecting or attempting to collect such debts." §1692a(6). Put simply, plaintiff may be alleging that defendant posed as a debt collector when it called the third parties[4]; by doing so, defendants, would have still subjected itself to the FDCPA.

However, even under the totality of the circumstances, taking the facts as plaintiff presents them and considering the leniency that pro se parties are afforded, the allegations of paragraph 31 are not clear enough to support an FDCPA claim. A more reasonable reading of Paragraph 31 is that an employee of defendant called the third party and identified him or herself as such. As discussed above, if this were the case, the caller would not qualify as a "debt collector." *See* § 1692a(6)(A) The Court therefore GRANTS defendant's motion to dismiss, and GRANTS plaintiff leave to amend his complaint so that he may clarify the factual allegations contained in paragraph 31, if in fact the caller identified him or herself as a third party debt collector, rather than as an employee of defendant.

### III. Diversity Jurisdiction

In his complaint, plaintiff also asserts that this action has been properly brought in federal court under title 28 U.S.C. section 1332, which establishes diversity jurisdiction. Diversity jurisdiction requires that the amount in controversy (the total amount of the remedy sought) be over $75,000 and that there be complete diversity of citizenship, meaning each plaintiff must be a citizen of a different state from each defendant. *See* § 1332(a)(1); *see also Caterpillar, Inc v. Lewis*, 519 U.S. 61, 68 (1996). Under title 28 U.S.C. section 1332(c)(1), a corporation is a citizen of any state in which it is incorporated and of the state where it has its principal place of business. *See Breitman v. May Co.*, 37 F.3d 562, 564 (9th Cir. 1994).

Plaintiff does not allege the citizenship of defendant and fails to give the amount of the remedy he requests. Portions of plaintiff's prayer for relief were calculated including damages that plaintiff subsequently withdrew (as discussed below in section four), and plaintiff failed to submit an amended prayer for relief. Thus he has not provided this Court with a current and accurate amount in controversy.

---

[4]Alternatively, if one of the Doe defendants made the telephone call at issue, and the Doe defendant was a debt collector, then the Doe defendant would be subject to the FDCPA, and this Court would retain plaintiff's claims against Americredit as supplemental CFDCPA claims.

1 Plaintiff has therefore failed to adequately allege a basis for diversity jurisdiction. Should he wish to
2 establish diversity jurisdiction, plaintiff must be able to allege in his amended complaint that the state
3 of defendant's citizenship is different from his own, and that his damages total over $75,000.

### IV.     Federal Trade Commission Act claims

In his complaint plaintiff also alleges that defendant violated the Federal Trade Commission Act (FTC Act). Compl. ¶ 35. Defendant argues that plaintiff may not bring suit as a private party under the FTC Act. *Id.* 7:26-28. In response, plaintiff has withdrawn his FTC Act claim. *See* Oppo. at 2:8-9.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss, and GRANTS plaintiff leave to amend. Plaintiff must file an amended complaint, should he wish to do so, no later than **July 20, 2007**.

**IT IS SO ORDERED.**

Dated: July 6, 2007

SUSAN ILLSTON
United States District Judge