IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY THOMAS,

    Plaintiff,

v.

AMERICREDIT FINANCIAL CORPORATION, DOES 1-10,

    Defendants.
                                        /

No. C 07-02324 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, GRANTING PLAINTIFF LEAVE TO AMEND**

Defendant Americredit Financial Corporation has filed a motion to dismiss plaintiff's First Amended Complaint ("FAC"). The motion is scheduled for hearing on September 14, 2007. Having considered the papers submitted, the Court determines that the motion is suitable for resolution without oral argument, and pursuant to Civil Local Rule 7-1(b), hereby VACATES the September 14, 2007 hearing. For the following reasons, the Court GRANTS defendant's motion to dismiss plaintiff's FAC, with leave to amend.

**BACKGROUND**

On or around May 11, 2005, plaintiff Gregory Thomas purchased a vehicle from the Manly Oldsmobile automobile dealership in Santa Rosa, California.[1] FAC ¶ 6. Defendant Americredit Financial Corporation financed plaintiff's purchase. *Id.*

Plaintiff alleges that during the course of his performance of the auto loan, defendant engaged

---

[1] The Court takes the following factual background entirely from the FAC, the allegations of which must be taken as true at this stage. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

1  in debt collection practices that violated the federal Fair Debt Collection Practices Act (FDCPA). *Id.*
2  Plaintiff alleges that upon initially contacting him, defendant did not inform him that the purpose of
3  defendant's communication was debt collection. *Id.* ¶ 18. Additionally, plaintiff alleges defendant did
4  not report the subsequent payment dispute to a credit reporting agency, and continued to contact
5  plaintiff, as well as a third parties, after plaintiff exercised his right to demand that defendant cease
6  communication. *Id.* ¶¶ 20, 22, 25. Plaintiff alleges that defendant inappropriately disclosed information
7  to the third parties that defendant contacted. *Id.* ¶ 33. Finally, plaintiff alleges defendant made false
8  or deceptive representations and harassed and abused plaintiff and his minor child. *Id.* ¶¶ 26, 29, 34.
9  As a result, plaintiff, acting pro se, filed this action.

10  On July 6, 2007, the Court issued an order dismissing plaintiff's complaint, for failure to state
11  a claim under the FDCPA, and a consequent lack of subject matter jurisdiction. Plaintiff subsequently
12  filed a First Amended Complaint, which defendant now moves to dismiss.

## LEGAL STANDARD

15  According to Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain
16  statement of the claim showing that the pleader is entitled to relief. . . ." FRCP 8(a)(2). Under Federal
17  Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon
18  which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff
19  will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim.
20  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468
21  U.S. 183 (1984). In answering this question, the Court must assume that the plaintiff's allegations are
22  true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*,
23  828 F.2d 556. 561 (9th.Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery
24  is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See*
25  *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

26  If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The
27  Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request
28  to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Additionally, pro se pleadings may be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## DISCUSSION

Defendant argues that plaintiff has failed to cure the deficiencies of his original Complaint. Specifically, defendant argues that as an original creditor attempting to collect its own debts, it is not subject to the FDCPA. Accordingly, defendant urges the Court to dismiss plaintiff's FDCPA claims, without which this Court lacks jurisdiction. For the following reasons, the Court GRANTS defendant's motion.

As the Court indicated in the July 6, 2007 Order, the FDCPA does not apply to original creditors – such as defendant – collecting their own debts, effectively exempting them from liability under the FDCPA.[2] *See* § 1692a(6). There is, however, an exception to the original creditor liability exemption. *Id.* Under section 1692a(6) the term "debt collectors" also includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."[3] *Id.* "A creditor uses a name other than its own when it uses a name that implies that a third party is involved in collecting its debts, pretends to be someone else or uses a pseudonym or alias." *See Maguire v. Citicorp Retail Serv., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) (internal quotations omitted) (quoting case). Thus, courts look to the actions of a defendant to determine whether it may be liable under the FDCPA.[4] *See, e.g., Romine v. Diversified Collection Serv. Inc.*, 155 F.3d 1142 (9th Cir. 1998) (holding that though Western Union is not a traditional debt collector, it was a "debt collector" subject to the FDCPA by virtue of its Automated Voice Telegram

---

[2] It also excludes and exempts "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A).

[3] The parties refer to this exception as the "false name" exception. For the sake of brevity and consistency, the Court will do so as well.

[4] Moreover, "[i]n evaluating potential violations of the FDCPA, the court must use an objective standard based on whether the 'least sophisticated consumer' would be deceived by the collection practice." *Maguire*, 147 F.3d at 236.

3

service, which obtained unlisted or otherwise unavailable telephone numbers of debtors which it then turned over to creditors and debt collection agencies for use in collecting debts).

Plaintiff alleged in his original Complaint that at one point defendant (or one of the Doe defendants), contacted third parties and "identified themselves to the hearer of the telephone call as a 'debt collector *for* Americredit financial services' . . . . Defendants further explained to the third party that the purpose of the call was regarding a delinquent account with Americredit Financial Services . . . ." *See* Compl. ¶ 31 (emphasis added). The Court found in the July 6, 2007 Order that this allegation could be interpreted to subject Americredit to the FDCPA, under the "false name" exception. However, the Court ultimately concluded that even under the totality of the circumstances, taking the facts as plaintiff presents them and considering the leniency that pro se parties are afforded, the allegations of paragraph 31 of the original Complaint were not clear enough to support an FDCPA claim.

Plaintiff has now attempted to clarify that the "false name" exception to the original creditor exemption applies in this case. In the FAC, plaintiff has added an allegation that: "On at least one occasion, Defendant used a name other than his own to collect a debt that would suggest another party other than the Defendant AMERICREDIT FINANCIAL SERVICES themselves was involved in the collection of the debt." FAC ¶ 5. This allegation is still insufficient to establish defendant's liability under the FDCPA. In order to meet the "false name" exception, plaintiff must allege that the defendant misrepresented itself as an independent debt collector *during one of the communications or other actions that he alleges violated the provisions of the FDCPA*. The FAC fails to do so, and the Court must therefore DISMISS plaintiff's First Amended Complaint, for failure to state a claim under the FDCPA, and lack of subject matter jurisdiction.

The Court will, however, allow plaintiff leave to amend the FAC, should he wish to do so. In his opposition to defendant's motion, plaintiff requests that he be allowed to amend his complaint to allege diversity jurisdiction. The Court GRANTS plaintiff's request. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (citations and internal quotation marks omitted). If he successfully pleads the requisites for diversity jurisdiction, plaintiff may be able to state claims under the California FDCPA

4

("CFDCPA"), which unlike the FDCPA, creates a private right of action against both debt collectors and original creditors such as defendant. The Court will also allow plaintiff one final opportunity to attempt to state a claim under the "false name" exception of the Federal FDCPA, should he wish to do so.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss, and GRANTS plaintiff leave to amend. Plaintiff must file his Second Amended Complaint, should he wish to do so, no later than **October 5, 2007**. [Docket No. 13]

**IT IS SO ORDERED.**

Dated: September 11, 2007

SUSAN ILLSTON
United States District Judge