IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY THOMAS,  No. C 07-02324 SI

    Plaintiff, **ORDER RE: DISCOVERY**

  v.

AMERICREDIT FINANCIAL CORPORATION, et al.,

    Defendants.
                                    /

Currently before the Court is a letter brief filed by defendant AmeriCredit Financial Services, Inc., asking the Court to order plaintiff to comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iii) and to respond substantively to defendants' requests for admission. Defendant also seeks sanctions for plaintiff's failure to comply thus far. Plaintiff responds that he has already complied with Rule 26(a)(1)(C) and that he should not have to respond to the requests for admission because they relate to another case that has no relevance to this action. Plaintiff also contends that defendant's letter brief is a means of delaying the upcoming ADR conference.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii)[1] requires a party to provide "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent

---

[1] The rule in question was formerly Federal Rule of Civil Procedure 26(a)(1)(C), but effective December 1, 2007, the rule has changed to Rule 26(a)(1)(A)(iii). Although the language of the rule was altered slightly, the amendment did not work any substantive changes.

of injuries suffered." The rule does not clarify what level of specificity is required in the computation of damages, but the advisory committee notes provide some guidance. Those notes state that the purpose of Rule 26(a) is "to 'accelerate the exchange of basic information' that is 'needed in most cases to prepare for trial or make an informed decision about settlement.'" *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. Oct. 2, 2003) (quoting Rule 26(a), 1993 advisory committee notes). The Court agrees that "[g]iven these purposes, the plaintiff should provide more than a lump sum statement of the damages allegedly sustained," *id.*; *see also Sanchez v. Hendricks' Hallowell Chevrolet*, 2006 WL 2884778 *1-2 (E.D. Cal. Oct. 10, 2006), including an explanation of what injuries were sustained and how the plaintiff arrived at each damages calculation. Here, plaintiff's computation of damages stated merely that he was seeking $1,000 for each claim plus $150,000 for actual damages, without any explanation of how he arrived at these particular amounts. The Court therefore agrees with defendant that plaintiff must re-submit his computation of damages with additional information, consistent with this order. Plaintiff also must make available for copying any non-privileged documents or other evidence on which his computations are based, "including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii).

In addition, defendant claims that plaintiff has replied to defendant's requests for admission with boilerplate objections regarding relevance and prejudice. Defendant requested information about a prior lawsuit filed by plaintiff in this district, *Thomas v. Land Rover Capital Group*, No. 04-5517. Like the present action, that lawsuit apparently involved debt collection practices used against plaintiff. Although the Court makes no decision now as to whether such information will be admissible, the Court agrees with defendant that information about his prior lawsuit is discoverable because it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff, therefore, must answer defendant's requests for admission. Accordingly, as to both of these discovery matters, defendant's motion to compel is GRANTED and defendant's motion for sanctions is DENIED. The Court notes that these motions should have no impact on the mediation scheduled for February 7, 2008, and expects that the parties will proceed with that mediation as planned.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to compel discovery and DENIES defendant's motion for sanctions [Docket No. 47].

Dated: January 16, 2008

SUSAN ILLSTON
United States District Judge